IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIEL J. JACKSON,<br>    Plaintiff,<br><br>             v.<br><br>AMERICAN HONDA FINANCE CORP.,<br>    Defendant. | Civil Action No.<br>1:24-cv-02000-SDG |

**OPINION AND ORDER**

This matter is before the Court for frivolity review of Plaintiff Daniel J. Jackson's Complaint under 28 U.S.C. § 1915(e)(2).

Section 1915 requires the Court to dismiss any action that is frivolous or that fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carrol v. Gross*, 984 F.2d 393, 393 (11th Cir. 1993) (per curiam) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A pleading fails to state a claim for relief if it does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Jackson is proceeding *pro se*. Thus, the Court must construe his Complaint leniently and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). *See also Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014); *Tannenbaum v. United States*,

1

148 F.3d 1262, 1263 (11th Cir. 1998). But Jackson is still bound by the law and the Federal Rules of Civil Procedure. The Court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

Jackson's sole claim is based on alleged violations of Section 16 of the Federal Reserve Act.[1] That Section does not, however, provide a private right of action. *White v. Lake Union Ga. Partners LLC*, No. 1:23-CV-02852-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) (citing cases). The Complaint thus cannot state a claim under the Federal Reserve Act. Nor is it clear what other cause of action, if any, would be supported by Jackson's allegations. Jackson asserts that he leased a car from Defendant that he later purchased through a retail installment sale contract after the lease term ended. Defendant ultimately repossessed the car and sold it. Thereafter, Jackson "sent a durable power of attorney, the endorsed contracts for both accounts, a tender of payment for both contracts and expressed that [he] claims and accepts all titles, all rights, all interest, and guaranteed equity that is owed to [him]."[2] Jackson's claim seems to be that Defendant was obligated to honor those documents—that his tender of the loan application itself somehow

---

[1] *See, e.g.*, ECF 3, ¶¶ 25–30 (Count I).

[2] ECF 3, ¶ 17.

satisfied the debt he owed to Defendant and that Defendant was required to accept that tender. How Jackson could unilaterally bind Defendant in this manner is unclear nor is there anything in the pleading suggesting that Defendant improperly repossessed the car. If, on the other hand, Jackson paid the amount he still owed to Defendant after the repossessed car was sold and Defendant refused to accept or credit that payment against his account, he may be able to state a claim. But Jackson has pointed to no authority that supports his claim as alleged under the Federal Reserve Act.

Accordingly, the Complaint fails to state a claim for relief and is therefore frivolous. This case is **DISMISSED** without prejudice. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 16th day of December, 2024.

Steven D. Grimberg
United States District Judge

3